**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022*
Decided April 8, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2149

| | |
|---|---|
| TERRANCE A. McCAULEY-BEY,<br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | 1:20-cv-07744 |
| MARY E. MEURIS, et al.,<br>     *Defendants-Appellees*. | Charles R. Norgle,<br>*Judge*. |

**O R D E R**

Terrance McCauley-Bey, who describes himself as Moorish-American, filed a civil rights suit seeking damages for a traffic stop and detention that he believes to have been unlawful. He alleged that he was pulled over by Chicago police and then arrested and detained after providing a card that identified him as a member of the Moorish nation. He asserted that the defendants (including the Chicago Police Department and

---

* We have agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

the Illinois Toll Authority) infringed upon his unalienable right to travel; subjected him to a tax (in the form of tolls or fines); and denied him the right to "treaty benefits" when they seized his car and forced him into "unlawful proceedings in a tribunal not competent to hear matters related to international affairs." The district court, comparing McCauley-Bey's suit to those brought by "sovereign citizens," dismissed his complaint for failure to state a claim.

On appeal McCauley-Bey essentially argues that his status as a "Moorish American national" placed him outside the laws or authority of Illinois and Chicago. But as we have reiterated, arguments that a defendant is sovereign and beyond the jurisdiction of the courts "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases); *John Jones Bey v. Indiana*, 847 F.3d 559, 560 (7th Cir. 2017).

AFFIRMED